UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANDREW ACABBO,
Plaintiff

CIVIL ACTION
NO. 03-154-T

VS.

DEAN PESANTE,
Defendant

JOINT MOTION FOR EXTENSION OF DISCOVERY

Now come the parties, by their attorneys, and jointly moves this Honorable Court for an extension of time in which to complete discovery.

As this Honorable Court is no doubt aware, this matter involves claims for personal injury and death as a result of a collision on September 25, 2002 at the entrance to Point Judith Harbor. Andrew Acabbo was the owner of a 21 foot Boston Whaler. The decedent, Daniel E. DiPietro, was a passenger on the Boston Whaler on September 25, 2002. Defendant, Dean A. Pesante, is the owner/operator of the F/V OCEANA, a 39 foot western rig fishing vessel.

This matter is complicated by insurance issues. The defendant was insured by a Protection and Indemnity Policy issued by Commercial Union Insurance Company with a policy limit of $300,000.00. On May 16, 2003, Commercial Union filed a Declaratory Judgment in this Honorable Court. On April 3, 2005, this Honorable Court denied the insured's

Motion for Summary Judgment and an appeal has been taken to the United States Court of Appeals for the First Circuit. C.A. Docket Number 05-2151. Presently, Appellant's Brief is due on November 30, 2005.

Further complicating the matter is the nature of the insurance policy. The policy is a "pay-down" policy, to wit: all charges to investigate and defend the claim reduce the coverage. Thus, any monies expended for defense counsel, including attorney fees, during discovery reduce the available funds for settlement purposes.

It is obvious to all counsel that the $300,000.00 policy is insufficient to settle the claims. Further, the insurer is unwilling to tender any settlement offers until such time as the appeal has been finalized.

Because of the pay-down nature of the insurance policy, defendant's counsel has endeavored to minimize the funds expended in defense of the claim in order to maximize the available funds for resolution of this matter. To date, only the deposition of plaintiff, Brenda J. DiPietro, Administratrix of the Estate of Daniel J. DiPietro has been concluded. The deposition of Andrew Acabbo has been scheduled on several occasions, but has not yet been completed. Based upon all of the above, the parties pray this Honorable Court grant an extension of time in which to conclude discovery, up to and including sixty (60) days

after the issuance by the United States Court of Appeals for the First Circuit of a decision in the pending appeal. The parties believe that this is the only disposition that is fair to the parties. To adequately defend the litigation, there are depositions of several witnesses to the incident that will, of necessity, have to be taken. The plaintiffs are concerned that this will only serve to reduce the available funds, which are already insufficient, and will serve no purpose other than to force Dean Pesante to file bankruptcy.

**WHEREFORE**, the parties pray this Honorable Court grant an extension of time in which to conclude discovery, up to and including, sixty (60) days after the issuance by the United States Court of Appeals for the First Circuit of a decision in the pending appeal concerning coverage.

Respectfully submitted,

ATTORNEY FOR DEAN A. PESANTE

Robert E. Collins
BAR NO: 2951
CLINTON & MUZYKA, P.C.
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

ATTORNEY FOR ANDREW ACABBO

Thomas J. Hunt (DSC)
Pro Hac Vice
THOMAS J. HUNT & ASSOCIATES
18 North Water Street
New Bedford, MA 02740
(508) 994-7300

ATTORNEY FOR ANDREW ACABBO

Joseph R. Daigle (DSC)
BAR NO: 5429
GELFUSO & LACHUT
1193 Reservoir Avenue
Cranston, RI 02920
(401) 942-4300

Dated: November 8, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by: hand, mail, overnight mail, facsimile, on 11-8-05